19 MAG 11762

**ORIGINAL**

Approved: _____
JACOB R. FIDDELMAN
Assistant United States Attorney

Before:   HONORABLE KEVIN NATHANIEL FOX
          United States Magistrate Judge
          Southern District of New York

------------------------------------x
                                    :
UNITED STATES OF AMERICA            :    COMPLAINT
                                    :
          - v. -                    :    Violation of 21 U.S.C.
                                    :    § 846
RAFAEL WALLER,                      :
                                    :    COUNTY OF OFFENSE:
              Defendant.            :    BRONX
                                    :
------------------------------------x

SOUTHERN DISTRICT OF NEW YORK, ss:

   MICHAEL J. HILL, being duly sworn, deposes and says that he is a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), and charges as follows:

COUNT ONE
(Narcotics Conspiracy)

   1.   From at least in or about November 2019, up to and including in or about December 2019, in the Southern District of New York and elsewhere, RAFAEL WALLER, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

   2.   It was a part and an object of the conspiracy that RAFAEL WALLER, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

   3.   The controlled substances that RAFAEL WALLER, the defendant, conspired to distribute and possess with intent to distribute were: (i) 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A); and (ii) 100 grams

and more of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(B).

(Title 21, United States Code, Section 846.)

The bases for my knowledge of the foregoing charge are, in part, as follows:

4. I am a Special Agent with HSI, and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

5. Based on my participation in this investigation, including my review of law enforcement reports, other documents, and video recordings, and my conversations with other law enforcement officers, I have learned the following, in substance and in part:

a. Since in or about September 2019, HSI and the New York City Police Department have been investigating narcotics trafficking that has been occurring in the vicinity of Davidson Avenue and West 190th Street in the Bronx, New York ("Location-1"). As part of this investigation, law enforcement officers have observed numerous hand-to-hand sales of narcotics at or near Location-1, many of which have been video-recorded by law enforcement. For example:

i. On or about December 4, 2019, an undercover law enforcement officer ("UC-1") purchased approximately 143 grams of heroin and fentanyl from a co-conspirator not named herein ("CC-1"). The transaction was video-recorded by law enforcement. After arranging for the transaction with CC-1 by telephone, UC-1 met CC-1 at Location-1. UC-1 was sitting in UC-1's vehicle, and CC-1 approached the vehicle and engaged in conversation with UC-1. CC-1 then asked UC-1 for the money, and UC-1 gave CC-1 $9,500 in cash. CC-1 then instructed UC-1 to wait, and CC-1 walked away.

ii. Shortly thereafter, a law enforcement surveillance video camera captured CC-1 approach the door of a

2

particular apartment ("Apartment-1") in a building in the vicinity of Location-1. Another individual, later identified as RAFAEL WALLER, the defendant, as described below, approached the door to Apartment-1 wearing a mask and entered Apartment-1. CC-1 remained in the hallway. Shortly thereafter, the door to Apartment-1 opened from the inside, and CC-1 entered Apartment-1. CC-1 exited Apartment-1 moments later.

        iii.    CC-1 then returned to UC-1's vehicle and handed UC-1 two clear zip-lock bags wrapped in clear plastic, which contained a white, rock-like substance. UC-1 then weighed the zip-lock bags on a scale in front of CC-1 and then departed with the zip-lock bags.

        iv.    I have reviewed a lab report of testing performed on the contents of the zip-lock bags that UC-1 purchased from CC-1 on or about December 4, 2019. The contents tested positive for heroin and fentanyl and weighed approximately 143 grams in total.

        v.    Later in the day on or about December 4, 2019, the law enforcement surveillance camera outside Apartment-1 captured a flower delivery being made to Apartment-1. The person who opened the door from inside Apartment-1 to accept delivery was WALLER, no longer wearing a mask.

    b.    Including the instance described above, UC-1 has purchased heroin and fentanyl from CC-1 at or near Location-1 on at least three separate occasions between on or about November 13, 2019 up to and including on or about December 4, 2019. On each occasion, law enforcement officers observed CC-1 go to Apartment-1 in a pattern that, based on their training and experience, CC-1 was retrieving the narcotics from Apartment-1 for sale to UC-1. On each occasion, the substances purchased by UC-1 from CC-1 tested positive for the presence of heroin and fentanyl. The total weight of the heroin and fentanyl purchased from CC-1 that appears to have been retrieved from Apartment-1 is at least approximately 480 grams.

    c.    On or about December 17, 2019, at approximately 6:00 a.m., law enforcement officers executed a judicially authorized search warrant for Apartment-1. WALLER was found asleep in Apartment-1. In the course of the search of Apartment-1, law enforcement officers recovered, among other things, a small plastic bag from the kitchen of Apartment-1 that weighed approximately 35 grams and field-tested positive for the presence of fentanyl. Law enforcement officers also recovered, among other

3

things, two small plastic bags in the toilet containing what the officers believe, based on their training and experience, to be narcotics. Based on their training and experience, the officers believe that WALLER was attempting to destroy the narcotics as law enforcement officers entered Apartment-1 by flushing the drugs down the toilet.

        d.    WALLER was then placed under arrest. In the course of agents securing Apartment-1 after the search was completed, WALLER stated, in substance and in part, that he resided alone in Apartment-1.

WHEREFORE, I respectfully request that RAFAEL WALLER, the defendant, be imprisoned or bailed, as the case may be.

_____
MICHAEL J. HILL
Special Agent
Department of Homeland Security,
Homeland Security Investigations

Sworn to before me this
17th day of December, 2019

_____
THE HONORABLE KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

4